FILED

1   Robert Stempler, Cal. Bar No. 160299
    Email: Robert@StopCollectionHarassment.com

2009 OCT -6  AM 10: 04

2   CONSUMER LAW OFFICE OF
    ROBERT STEMPLER, APLC

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

3   P.O. Box 1721
    Palm Springs, CA 92263-1721

BY_____

4
5   Telephone (760) 422-2200
    Fax: (760) 479-5957

6   Counsel for Plaintiff

7

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  JEREMY EVANS,                    )   CV09 07266 SJO PLAx
                                     )
12              Plaintiff,           )   COMPLAINT FOR:
                                     )   1.   VIOLATING THE FAIR DEBT
13      vs.                          )        COLLECTION PRACTICES ACT;
                                     )   2.   VIOLATING THE CALIFORNIA
14  NORTH   STAR   CAPITAL           )        ROSENTHAL  FAIR  DEBT
    ACQUISITION, LLC;                )        COLLECTION PRACTICES ACT;
15  NELSON   &   KENNARD,            )
    ATTORNEYS AT LAW;                )   and DEMAND FOR JURY TRIAL
16  CRAIG CLEMENT;                   )
    and DOES 1 to 10;                )
17                                   )
                Defendants.          )
18                                   )

19

20  ///

21  ///

22  ///

23

24

25

26

27

28

<u>Jurisdiction</u>

1.     Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Supplemental jurisdiction exists for the state law claim, pursuant to 28 U.S.C. § 1367 and rule 18(a) of the Federal Rules of Civil Procedure.

<u>Parties</u>

2.     The plaintiff, JEREMY EVANS ["plaintiff"], is a natural person.

3.     Defendant NORTH STAR CAPITAL ACQUISITION, LLC ["NSCAL"] was and is an entity engaged primarily in the business of collecting debts.

4.     Defendant NELSON & KENNARD, ATTORNEYS AT LAW ["Nelson"] was and is an entity engaged primarily in the business of collecting debts.

5.     Defendant CRAIG CLEMENT ["Clement"]  was employed by or a collection agent of Nelson and/or NSCAL and committed, on its behalf, the conduct ascribed to Clement, below.

6.     The true names and capacities of the defendants sued herein as DOES 1-10, inclusive, are unknown to plaintiff, at the present time.

<u>Facts Supporting Each Claim</u>

7.     On April 8, 2008, Defendant Nelson mailed a collection letter on behalf of Nelson's client, NSCAL, to Plaintiff, representing that the "current balance due" on the account with Plaintiff was $3,712.20.

8.     On October 8, 2008, Defendant Nelson filed a collection lawsuit on behalf of Nelson's client, NSCAL, against plaintiff, in which Defendant NSCAL alleged that it was assigned a purported debt of plaintiff in the amount of $2,387.42, that the interest due on the purported debt was at the rate of 25.900 percent per year from November 29, 2002.

9.     Defendant's collection lawsuit was signed by Robert Scott Kennard, a partner of Nelson.

10. The purported debt underlying Defendant's collection lawsuit involved a purported credit card, which Plaintiff incurred primarily for personal, family, or household purposes.

11. At the time of Defendant's filing the collection lawsuit against Plaintiff, the statute of limitations period had expired, barring the alleged claim.

12. Plaintiff was served with the collection lawsuit and retained counsel, Mr. William Rose, to defend against the collection lawsuit.

13. On December 4, 2008, Plaintiff's counsel appeared in the collection lawsuit by filing an answer to complaint and serving several discovery requests.

14. On January 27, 2009 on behalf of NSCAL, Defendant Nelson served on Plaintiff's counsel a response to the discovery requests. The proofs of service show that the discovery responses were addressed to both Mr. Rose and Mr. Stempler.

15. In a letter dated February 9, 2009, Clement communicated directly with Plaintiff regarding the account for which Plaintiff was represented, sending the letter directly to Plaintiff's residence address. The letter stated that the "Balance to Date" on the account was $1,648.83 and, among other things, that the purpose of the letter was "to extend a special offer to you to help decrease some of your unwanted debt. Our client may be willing to settle your account for less than the current balance due." The letter also suggested that Plaintiff contact Nelson directly and "Please take advantage of this offer and avoid further collection proceedings."

16. The letter dated February 9, 2009 from Defendants Nelson and Clement failed to explain why the account balance on February 9, 2009 was $1,648.83, whereas on April 8, 2008 (ten months earlier) the balance was $3,712.20, and was $2,387.42 on October 8, 2008, the date on which the collection lawsuit was filed.

17. During the course of litigation, Plaintiff's counsel advised Mr. Kennard that the complaint was barred by the expiration of the statute of limitations period.

18. In a letter dated October 1, 2009, Mr. Kennard sent Mr. Stempler a letter which stated, among other things, "Given the cost of litigation, my client has

acquiesced to your request for dismissal." The letter enclosed a copy of the request for dismissal being sent to the state superior court for filing.

19.   On October 5, 2009, the state superior court filed Defendant Nelson's request for dismissal of NSCAL's collection lawsuit against Plaintiff without prejudice.

20.   There was no settlement of the collection lawsuit between Plaintiff and Defendant.

21.   Plaintiff incurred legal fees, expenses, and costs, for having to hire counsel and to defend against NSCAL's collection lawsuit filed by Nelson.

FIRST CLAIM FOR RELIEF

Violating the Fair Debt Collection Practices Act

Against All Defendants

22.   Those paragraphs under the headings "Jurisdiction," "Parties," and "Facts Supporting Each Claim" are incorporated by reference.

23.   Plaintiff is a "consumer," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(3).

24.   Defendants are each a "debt collector," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(6).

25.   The purported credit transaction that Defendants attempted to collect from plaintiff is a "debt," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(5).

26.   The above-noted purported debt was incurred by plaintiff primarily for personal, family, or household purposes.

27.   Defendants violated numerous sections of the FDCPA, in particular, but not limited to: 15 U.S.C. §§ 1692c(a)(2), 1692e, 1692f.

///

///

1    SECOND CLAIM FOR RELIEF

2    Violating the California Rosenthal Fair Debt Collection Practices Act

3    Against Defendants NSCAL and Clement

4    28.    Those paragraphs under the headings "Jurisdiction," "Parties," "Facts

5    Supporting Each Claim," and "Violating the Fair Debt Collection Practices Act" are

6    incorporated by reference.

7    29.    The Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §

8    1788 et seq. ("Rosenthal Act") was enacted in 1976 to ensure the integrity of our

9    banking and credit industry.  Cal. Civil Code § 1788.1(a)(1).  The Legislature found:

10   "Unfair or deceptive debt collection practices undermine the public confidence which

11   is essential to the continued functioning of the banking and credit system and sound

12   extensions of credit to consumers."  Id.

13   30.    Defendants are each a "debt collector" within the meaning of Civil Code

14   § 1788.2( c), in that Defendants regularly and in the ordinary course of business, on

15   behalf of itself or others, engaged in acts and practices in connection with the

16   collection of consumer debts.

17   31.    Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h), in

18   that Plaintiff is a natural person from whom Defendants sought to collect a consumer

19   debt alleged to be due and owing.

20   32.    The purported debt which Defendants attempted to collect from Plaintiff

21   is a "consumer debt" within the meaning of Civil Code § 1788.2(f), in that it was

22   incurred primarily for personal, family, or household purposes.

23   33.    Defendants violated the Rosenthal Act, including  Cal. Civil Code §§

24   1788.10, 1788.17.

25   34.    Defendants' violations were done willfully and knowingly.

26   ///

27   ///

28   ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

    1.    On the First Claim for violating the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. § 1692k, an award of actual and statutory damages, costs and reasonable attorneys' fees;

    2.    On the Second Claim for violating the California Rosenthal Fair Debt Collection Practices Act, pursuant to § 1788.30, an award of actual and statutory damages, costs and reasonable attorneys' fees;

    3.    For such other further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Please take notice that plaintiff demands trial by jury in this action.

Respectfully submitted,
CONSUMER LAW OFFICE OF ROBERT STEMPLER, APLC

By: Robert Stempler,
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Paul L. Abrams.

The case number on all documents filed with the Court should read as follows:

## CV09- 7266 SJO (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Robert Stempler, Cal. Bar No. 160299
Email: Robert@StopCollectionHarassment.com
Consumer Law Office of Robert Stempler, APLC
P.O. Box 1721
Palm Springs, CA 92263-1721
Telephone (760) 422-2200; Fax: (760) 479-5957

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY EVANS,<br><br><br>                                     PLAINTIFF(S)<br>                          v.<br><br>NORTH STAR CAPITAL ACQUISITION, LLC;<br>NELSON & KENNARD, ATTORNEYS AT LAW;<br>CRAIG CLEMENT; and DOES 1 to 10;<br>                                     DEFENDANT(S). | CASE NUMBER<br><br>**CV09 07266 SJO PLAx**<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S): _____

     A lawsuit has been filed against you.

     Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Robert Stempler_____, whose address is _P.O. Box 1721; Palm Springs CA 92263-1721_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                                              Clerk, U.S. District Court

                    OCT - 6 2009

     Dated: _____     By: _____
                                              **CHRISTOPHER POWERS**
                                                  Deputy Clerk

                                                  *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                              SUMMONS

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| JEREMY EVANS | NORTH STAR CAPITAL ACQUISITION, LLC |
| | NELSON & KENNARD, ATTORNEYS AT LAW |
| | CRAIG CLEMENT |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Robert Stempler, Telephone (760) 422-2200 | |
| Consumer Law Office of Robert Stempler, APLC | |
| P.O. Box 1721; Palm Springs CA 92263-1721 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff     ☑ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant     □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify):   □ 6 Multi-District Litigation   □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes   ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** To be determined.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS (Personal Injury) | TORTS (Personal Property) | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | □ 530 General | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 535 Death Penalty | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 490 Cable/Sat TV | | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 850 Securities/Commodities/ Exchange | □ 160 Stockholders' Suits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 190 Other Contract | □ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | □ 630 Liquor Laws | SOCIAL SECURITY |
| □ 890 Other Statutory Actions | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 640 R.R. & Truck | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 196 Franchise | IMMIGRATION | □ 445 American with Disabilities - Employment | □ 650 Airline Regs | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | REAL PROPERTY | □ 462 Naturalization Application | □ 446 American with Disabilities - Other | □ 660 Occupational Safety /Health | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | □ 210 Land Condemnation | □ 463 Habeas Corpus-Alien Detainee | □ 440 Other Civil Rights | □ 690 Other | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 220 Foreclosure | □ 465 Other Immigration Actions | | | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| □ 900 Appeal of Fee Determination Under Equal Access to Justice | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

## CV09 07266

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Sacramento County; Minnesota State; New York State |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
　　**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | Sacramento County; Minnesota State; New York State |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  October 5, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |