```
 1  File No. 1080.0002
    Robert Scott Kennard
 2  State Bar No. 117017
    NELSON & KENNARD
 3  2180 Harvard Street, Ste. 160   (95815)
    P.O. Box 13807
 4  Sacramento, CA   95853
    Telephone:  (916) 920-2295
 5  Facsimile:  (916) 920-0682

 6
    Attorneys for Defendants
 7  NORTH STAR CAPITAL ACQUISITION LLC;
    NELSON & KENNARD, Attorneys at Law;
 8  CRAIG CLEMENT

 9
```

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY EVANS,            )  | **CASE NO.  CV09-07266-SJO-PLA** |
|                          )  |  |
|         Plaintiff,       )  | **ANSWER OF NORTH STAR CAPITAL** |
|                          )  | **ACQUISITION LLC; NELSON &** |
|     vs.                  )  | **KENNARD; CRAIG CLEMENT TO** |
|                          )  | **COMPLAINT AND DEMAND FOR JURY** |
| NORTH STAR CAPITAL ACQUISITION ) | **TRIAL** |
| LLC; NELSON & KENNARD, ATTORNEYS ) | |
| AT LAW; CRAIG CLEMENT; and DOES 1) | |
| TO 10,                   )  | |
|                          )  | |
|         Defendants.      )  | |

Defendants NORTH STAR CAPITAL ACQUISITION LLC; NELSON & KENNARD and CRAIG CLEMENT hereby respond and answer the unverified Complaint and Demand for Jury Trial of Plaintiff JEREMY EVANS as follows:

### JURISDICTION

1. In response to paragraph 1 of Plaintiff's Complaint, Defendants herein admit that, to the extent the allegations contained in the Complaint are proven, jurisdiction exists with this court pursuant to 15 USC §1692k(d) and 28 USC §1331.  Answering

ANSWER TO COMPLAINT - 1

Defendants further admit that to the extent the allegations contained in the Complaint are proven, supplemental jurisdiction exists for the ostensible state law claim, pursuant to 28 USC §1367 and Rule 18(a) of the Federal Rules of Civil Procedure.

**PARTIES**

2.   Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.   Defendants deny the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.   Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.   Defendants admit that Defendant CRAIG CLEMENT was employed by Defendant Nelson & Kennard.  Defendants expressly deny each and every other allegation contained in paragraph 5 of Plaintiff's Complaint.

6.   In response to paragraph 6 of Plaintiff's Complaint, Defendants lack sufficient information or belief to either admit or deny the allegations contained therein and based thereon specifically denies each and every allegation contained therein.

**FACTS SUPPORTING EACH CLAIM**

7.   In response to paragraph 7 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

8.   In response to paragraph 8 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

9. In response to paragraph 9 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

10. In response to paragraph 10 of Plaintiff's Complaint, Defendants lack sufficient information or belief to enable it to either admit or deny the allegations contained thereon and, based thereon, deny each and every allegation.

11. In response to paragraph 11 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

12. In response to paragraph 12 of Plaintiff's Complaint, Defendants admit that Plaintiff was served with a copy of the collection lawsuit but lacks sufficient information or belief to either admit or deny the remaining allegations contained therein and based thereon specifically deny each and every other allegation.

13. In response to paragraph 13 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

14. In response to paragraph 14 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

15. In response to paragraph 15 of Plaintiff's Complaint, Defendants CLEMENT and NELSON & KENNARD admit that a letter was sent to Plaintiff's residence address but deny each and every other allegation contained therein, including the characterization of the content of the letter and further deny that Plaintiff has been damaged as a result thereof in any sum or respect whatsoever. Defendant NORTH STAR CAPITAL ACQUISITION LLC lacks sufficient

information or belief to enable it to either admit or deny the allegations contained therein and, based thereon, denies each and every other allegation.

16.  In response to paragraph 16 of Plaintiff's Complaint, Defendants CLEMENT and NELSON & KENNARD admit that a letter was sent to Plaintiff's residence address but deny each and every other allegation contained therein, including the characterization of the content of the letter and further deny that Plaintiff has been damaged as a result thereof in any sum or respect whatsoever. Defendant NORTH STAR CAPITAL ACQUISITION LLC lacks sufficient information or belief to enable it to either admit or deny the allegations contained therein and, based thereon, denies each and every other allegation.

17.  In response to paragraph 17 of Plaintiff's Complaint, Defendant NELSON & KENNARD admits that Plaintiff's counsel alleged that Defendant NORTH STAR CAPITAL ACQUISITION LLC's claim was barred by the applicable statute of limitation.  Defendants deny each and every other allegation contained therein and further deny that the claim was barred by any applicable statute of limitation.

18.  In response to paragraph 18 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

19.  In response to paragraph 19 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

20. In response to paragraph 20 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

21. In response to paragraph 21 of Plaintiff's Complaint, Defendants lack sufficient information or belief to enable them to either admit or deny the allegations contained therein and, based thereon, specifically denies each and every allegation.

### FIRST CLAIM FOR RELIEF

### VIOLATING THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST ALL DEFENDANTS

22. Defendants replead, re-allege and incorporate by reference, each of their responses to paragraphs 1 through 21 hereinabove as though fully set forth herein.

23. In response to paragraph 23 of Plaintiff's Complaint, Defendants lack sufficient information or belief to enable them to either admit or deny the allegations contained therein and, based thereon, deny each and every allegation.

24. In response to paragraph 24 of Plaintiff's Complaint, Defendant NELSON & KENNARD admits that it is a "debt collector" as alleged therein. Defendants CRAIG CLEMENT and NORTH STAR CAPITAL ACQUISITION LLC deny each and every other allegation contained therein.

25. In response to paragraph 25 of Plaintiff's Complaint, Defendants lack sufficient information or belief to enable them to either admit or deny the allegations contained therein and, based thereon, deny each and every allegation.

ANSWER TO COMPLAINT - 5

26. In response to paragraph 26 of Plaintiff's Complaint, Defendants lack sufficient information or belief to enable them to either admit or deny the allegations contained therein and, based thereon, deny each and every allegation.

27. In response to paragraph 27 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein. Defendants further deny that they are indebted or obligated to Plaintiff in any sum or respect whatsoever.

## SECOND CLAIM FOR RELIEF

### VIOLATION THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AGAINST DEFENDANTS NSCAL AND CLEMENT

28. Defendants replead, re-allege and incorporate by reference, each of their responses to paragraphs 1 through 27 hereinabove as though fully set forth herein.

29. In response to paragraph 29 of Plaintiff's Complaint, Defendants admit that the recitations therein express a portion of the legislative history exigent to the Rosenthal Fair Debt Collection Practices Act (Cal. Civil Code §1788 et seq.) Defendants lack sufficient information or belief to enable them to either admit or deny the remaining allegations contained therein and, based thereon, deny each and every other allegation.

30. In response to paragraph 30 of Plaintiff's Complaint, Defendant NELSON & KENNARD admits that it is a "debt collector" as alleged therein. Defendant CRAIG CLEMENT and NORTH STAR CAPITAL

ACQUISITION LLC deny each and every other allegation contained therein.

31. In response to paragraph 31 of Plaintiff's Complaint, Defendants lack sufficient information or belief to enable them to either admit or deny the allegations contained therein and, based thereon, deny each and every allegation.

32. In response to paragraph 32 of Plaintiff's Complaint, Defendants lack sufficient information or belief to enable them to either admit or deny the allegations contained therein and, based thereon, deny each and every allegation.

33. In response to paragraph 33 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

34. In response to paragraph 34 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

**FIRST AFFIRMATIVE DEFENSE**

35. The Complaint fails to state facts sufficient to constitute a claim against answering Defendants for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

36. Plaintiff is estopped to assert the matters complained of in his Complaint by virtue of his own unclean hands and participatory conduct in and about the matters complained of.

///

///

### THIRD AFFIRMATIVE DEFENSE

37. Plaintiff failed to mitigate his damages, if any he has, thereby absolving answering Defendants from any responsibility therefore.

### FOURTH AFFIRMATIVE DEFENSE

38. Plaintiff assumed the risk of loss as to each and every claim contained in his Complaint by virtue of his own conduct.

### FIFTH AFFIRMATIVE DEFENSE

39. To the extent that Plaintiff establishes that a violation of the FDCPA may have occurred, answering Defendants submit that such error occurred notwithstanding procedures maintained by it designed and calculated to preclude such a bona fide error.

### SIXTH AFFIRMATIVE DEFENSE

40. To the extent that Plaintiff establishes that a violation of the California Rosenthal FDCPA may have occurred, answering Defendants submit that such error occurred notwithstanding procedures maintained by it designed and calculated to preclude such a bona fide error.

### SEVENTH AFFIRMATIVE DEFENSE

41. Answering Defendants affirmatively allege that the claims alleged by Plaintiff, if any, are purportedly premised upon privileged communications and are therefore barred as a matter of law.

///

**EIGHTH AFFIRMATIVE DEFENSE**

42. Defendant NORTH STAR CAPITAL ACQUISITION LLC affirmatively alleges that a cross-demand for money exists or has existed between it and Plaintiff for which sum, in an amount according to proof, Defendant NORTH STAR CAPITAL ACQUISITION LLC claims its right to set-off pursuant to California Code of Civil Procedure §431.70.

WHEREFORE, Defendants NORTH STAR CAPITAL ACQUISITION LLC; NELSON & KENNARD and CRAIG CLEMENT respectfully pray that Plaintiff JEREMY EVANS take nothing by way of his complaint, for an award of Defendants' costs of suit incurred; for an award of Defendants reasonable attorney's fees, where allowed by law, and for such other and further relief as the court may deem just and proper.

Dated: 12/28/09

By: _____
ROBERT SCOTT KENNARD
Attorney for Defendants
NORTH STAR CAPITAL ACQUISITION LLC; NELSON & KENNARD; CRAIG CLEMENT